UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

HUSSAM ABUKHALAF,

        Plaintiff,

        v.

MORRISON CHILD & FAMILY
SERVICES,

        Defendant.

CV 08-345-HU

OPINION AND ORDER

REDDEN, Judge:

    On October 1, 2009, Magistrate Judge Dennis Hubel filed his Findings and Recommendation (doc. 45) that the court grant defendant's motion for partial summary judgment (doc. 20) against plaintiff's state claim for Discrimination in Public Accommodation under Or. Rev. Stat. § 659A.403. Magistrate Judge Hubel found that plaintiff's public accommodation claim was barred by Oregon's one-year statute of limitations, Or. Rev. Stat. §§ 659A.885(6), 659A.875(4). Alternatively, Magistrate Judge Hubel concluded that defendant is not a place of

PAGE 1 - OPINION AND ORDER

"public accommodation" under Oregon law and thus, the claim fails.

The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Civil Procedure 72(b) and 54(d)(2)(D). The district court is not bound by the recommendations of the magistrate judge, and "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). When either party timely objects to any portion of the magistrate's Findings and Recommendation, the district court must conduct a de novo review of those portions of the magistrate's report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Bus. Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). The district court is not, however, required to review the factual and legal conclusions to which the parties do not object. Thomas v. Arn, 474 U.S. 140, 149 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Plaintiff timely filed objections to Magistrate Judge Hubel's Findings and Recommendation. I have, therefore, given those portions of the Findings and Recommendation a de novo review. I agree with Magistrate Judge Hubel's conclusion that plaintiff's claim is untimely. Defendant denied plaintiff's application to become a foster parent in February 2005. Plaintiff does not dispute that he had "knowledge of the facts giving rise to [a] claim" for discrimination no later than April 2005, Duyck v. Tualatin Valley Irrigation Dist., 304 Or. 151, 164 (1987), when he contacted defendant by phone about potential discrimination claims. Findings and Recommendation, at 7. Yet, he did not file this action until February 2008, nearly three years later. Plaintiff's November 2007 letter to defendant, which was past the one-year statute of limitations period, does not revive his already stale claim. If it did, any plaintiff could

circumvent the statute of limitations and revive an untimely claim simply by sending a letter requesting reconsideration.

The cases cited by plaintiff are inapposite. <u>International Brotherhood of Teamsters v. United States</u>, 431 U.S. 324 (1977), involved a claim for employment discrimination under Title VII. There, the government presented ample evidence of a "systematic," "purposeful," and "consistently enforced discriminatory policy." <u>Id.</u> at 342, 365. Here, there is no such evidence and in any event, plaintiff has not alleged any "systematic" discriminatory policy under Title VII. In <u>Pickern v. Holiday Quality Foods Inc.</u>, 293 F.3d 1133, 1136 (9th Cir. 2002), the Ninth Circuit construed language specific to the Americans with Disabilities Act, which is not at issue. Neither <u>Teamsters</u>, nor <u>Pickern</u> provide a basis for rejecting Magistrate Judge Hubel's conclusion that plaintiff's claim is untimely.

Accordingly, I ADOPT Magistrate Judge Hubel's Findings and Recommendation that plaintiff's Discrimination in Public Accommodation claim under Or. Rev. Stat. § 659A.403, is barred by Oregon's one-year statute of limitations, and I GRANT defendant's motion for partial summary judgment on that basis. Because plaintiff's state statutory claim is untimely, I need not reach the issue of whether defendant is a place of "public accommodation" under Oregon law. Thus, I decline to adopt Magistrate Judge Hubel's findings as to that issue.

IT IS SO ORDERED.

DATED this  20th  day of November, 2009.

                                             /s/ James A. Redden
                                                 James A. Redden
                                           United States District Judge